**MONICA TEXTILE CORPORATION, Plaintiff,**

v.

**S.S. TANA, her engines, boilers, etc., Barber West Africa Lines, Barber Steamship Lines, Inc., Barber Steamship Lines (N.A.), Inc., and Sekihyo Line (Panama), S.A., Defendants.**

**No. 88 Civ. 5127 (LBS).**

United States District Court, S.D. New York.

June 4, 1991.

McDonald, Herbermann & Fenzel, New York City (Peter D. Fenzel, Barbara E. Frohnhofer, of counsel), for plaintiff.

Healy & Baillie, New York City (Richard V. Singleton, II, Todd P. Kenyon, of counsel), for defendants.

### OPINION

SAND, District Judge.

This admiralty case concerns damages to a number of bales of cloth which were

shipped from Africa to America inside a single shipping container aboard the S.S. Tana. The issue is whether it is the container or its contents which constitute the "package" for purposes of the liability limitation imposed by § 4(5) of the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. App. § 1304(5) (1988). Presently before the Court is the defendant-carriers' motion for summary judgment, limiting their liability to $500, on the ground that the COGSA package in this case was the shipping container and not the individual bails of cloth contained therein. For the reasons given below, defendants' motion is granted.

## I. BACKGROUND

The facts of this case are set out in this Court's prior Opinion dated February 21, 1990, familiarity with which is assumed. *See Monica Textile Corp. v. S.S. Tana,* 731 F.Supp. 124 (S.D.N.Y.1990) *("Monica I").* Since the date of that Opinion, the factual record has changed in only one respect. Defendants, through additional discovery, have adduced evidence that the entity which filled out the bill of lading was acting as plaintiff's agent, and not as defendants' agent, as this Court previously had assumed.[1]

In our February 21, 1990 Opinion, this Court denied defendants' previous motion for summary judgment, holding that the container in which plaintiff's bales of cloth were shipped was not the COGSA package for purposes of COGSA's liability limitation. *See id.* at 127. Defendants' motion for an order certifying the package issue for immediate interlocutory appeal was denied on March 20, 1990.

At a subsequent pre-trial conference the Court, on the consent of the parties, determined that defendants would be permitted to reargue their summary judgment motion on the condition that they admit liability for the damages sustained by plaintiff's goods during the voyage. The parties' agreement was formalized in a Consent Order endorsed by this Court on February 14, 1991. That Order specified that after ruling on defendants' renewed motion for summary judgment, this Court would enter judgment for plaintiff in the amount of either $34,000, if the motion were denied, or $500, if the motion were granted.

## II. DISCUSSION

Upon consideration of defendants' renewed motion for summary judgment, this Court concludes that we must depart from our prior Opinion and grant defendants' motion. Subsequent to the issuance of our prior Opinion, the Second Circuit issued an Opinion in *Seguros "Illimani" S.A. v. M/V Popi P,* 929 F.2d 89 (2d Cir.1991), a case which directly raised the issue of how courts should determine the number of COGSA packages in admiralty cases. The *Seguros* Court began its analysis by noting that in determining the number of packages, courts must look to the bill of lading as the expression of the intent of the parties. *See id.* at 94. Regarding the procedure to be applied in interpreting the bill, the Court wrote:

> The number appearing under the heading "NO. OF PKGS." is our starting point for determining the number of packages for purposes of the COGSA per-package limitation, and unless the significance of that number is plainly contradicted by contrary evidence of the parties' intent, or unless the number refers to items that cannot qualify as "packages," it is also the ending point of our inquiry.... [P]arties to a bill of lading should expect to be held to the number that appears under a column whose heading so unmistakably refers to the number of packages. That approach, evident in our more recent cases, ... encourages precision in filling out a key aspect of important documents, and the more consistently it is followed, the more it should minimize disputes.

*Id.* at 94 (citations omitted).

█ This Court reads *Seguros* as establishing a bright-line rule for determining

---

**1.** Because we conclude that whether the bill of lading was prepared by plaintiff's or defendants' agent is not determinative of the package issue, we need not await the resolution of that factual question before deciding defendants' motion.

the number of COGSA packages from the bill of lading. The number of packages is the number appearing in the "No. of Pkgs." column of the bill, unless other evidence of the parties' intent plainly contradicts the applicability of that number, or unless the item referred to by that number is incapable of qualifying as a COGSA package.

 In this case, the number "1" is typed on the bill of lading under the column entitled "NO. PKGS."[2] The evidence of record regarding the parties' intent does not plainly contradict defendants' contention that the container was the one COGSA package intended by the parties. While there is some evidence that plaintiff may have understood the bales of cloth shipped in the container to be individual packages, there is also evidence to the contrary. This includes the evidence newly produced by defendants indicating that the entity which prepared the bill of lading was paid by plaintiff and may have been acting as plaintiff's agent, and the fact that Clause 2 in the bill of lading defines "package" to include containers packed by the shipper, as occurred in this case.

Nor is it correct, as plaintiff asserts, that a shipping container cannot qualify as a COGSA package. While in prior cases the Second Circuit has been reluctant to find a container to be the COGSA package, it is clear that, at least in some circumstances, a container can qualify as the COGSA package. *See Binladen BSB Landscaping v. M.V. "Nedlloyd Rotterdam"*, 759 F.2d 1006, 1013 (2d Cir.) (container may be package where parties so intend, or where bill of lading does not disclose contents of container), *cert. denied*, 474 U.S. 902, 106 S.Ct. 229, 88 L.Ed.2d 229 (1985); *Smythgreyhound v. M/V "Eurygenes"*, 666 F.2d 746, 753 n. 20 (2d Cir.1981) (container may be package where clear language of bill of lading shows parties' intent to that effect); *Mitsui & Co. v. American Export Lines, Inc.*, 636 F.2d 807, 821 (2d Cir.1981) (container generally not package, but may be if con-

tents undisclosed). As such, it cannot be said that a container can never qualify as a COGSA package.

In sum, applying the rule of *Seguros* to the facts of this case, we find that there was one COGSA package, the container. This conclusion flows from the facts that the number "1" appears on the bill of lading in the number of packages column, the other evidence of the parties' intent does not plainly contradict the significance of that number, and shipping containers are capable of qualifying as COGSA packages. Accordingly, defendants' motion for summary judgment must be granted.

## CONCLUSION

For the reasons set forth above, the defendants' motion is granted. Our prior Opinion dated February 21, 1990 is vacated. Pursuant to the Consent Order dated February 14, 1991, judgment will be entered in favor of plaintiff in the amount of $500, plus interest and costs.

SO ORDERED.

---

**2.** In addition, further down on the front page of the bill of lading, next to the words "Total Number of Packages Or Units in Words," the word "one" is typed. *See Monica I* at 128.